UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :
                                   :
    v.                             :    Case No.: 1:08-cr-00090-RJL
                                   :    Judge Richard Leon
TERRY WILLIAMS,                    :    Status Hearing: May 16, 2008
                                   :
        Defendant.                 :

## MOTION TO SUPPRESS TANGIBLE EVIDENCE, STATEMENTS, ADMISSIONS AND CONFESSIONS

TERRY WILLIAMS, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure, moves this Court to suppress the use of any and all physical evidence seized from 5020 Just Street NE, Washington, D.C., and all statements, admissions and confessions allegedly given by the defendant, whether oral, written, or otherwise recorded which the government proposes to use as evidence against the defendant. As grounds for this request, the defendant states as follows:

During the week of February 24, 2008, a confidential informant allegedly informed law enforcement that he/she observed a large quantity of crack-cocaine inside of 5020 Just Street N.E., Washington, D.C. Additionally, the confidential informant allegedly provided law enforcement officials with the following information, that an individual by the name of Terry sells crack cocaine; that he/she has allegedly personally observed Terry retrieve crack cocaine from 5020 Just Street, N.E., Washington, D.C.; that Terry sells crack cocaine; that Terry makes a significant amount of money selling crack cocaine and that he/she has observed Terry with a dark semi-automatic hand gun.

Law enforcement officials presented the confidential informant with a photograph of Terry D. Williams, whom this individual identified as Terry.

Based on the information the confidential informant provided to law enforcement, On March 5, 2008, Officer Devinci C. Wooden, of the Gun Recovery Unit-NSID, applied for and obtained a Superior Court of the District of Columbia search warrant for the premises located at 5020 Just Street, N.E., Washington, D.C. On March 5, 2008, members of the Gun Recovery Unit-NSID reported to 5020 Just Street, NE, Washington, D.C., to execute the search warrant. As law enforcement approached the above-noted residence, they allegedly observed and then stopped Terry Williams, who was allegedly standing in front of the above-noted residence. Law enforcement knocked on the door, announced their presence and then opened the front door with force. The officers brought Mr. Williams into the residence, secured him on the couch and proceeded to search the residence.

As a result of this search, law enforcement allegedly recovered one black Nautica bag, which contained the following items; a bottle of Quinine, three (3) AWS digital scales, clear ziplock bags, plastic sandwich bag, yellow ziplock bags inside of plastic bags, Seven Eleven sandwich bag which contained rubber gloves, Versace cologne, black jeans that contained twelve (12) clear ziplocks of a white rock-like substance totaling fifty three (53) grams, four ziplock bags of a dark brown substance totaling approximately four (4) grams and one (1) knotted piece of plastic that contained a dark brown substance totaling approximately eleven (11) grams. Law enforcement recovered ten thousand fifty ($10,050.00) dollars from the kitchen area, assorted mail with Mr. Williams name on it from the room identified as bedroom one (1) and photographs of Mr.

Williams and two (2) cellular telephones from the living room area. Mr. Williams was placed under arrest and pursuant to a search incident to the arrest; law enforcement recovered six hundred and seventy ($670.00) dollars from Mr. Williams right front pants pocket. Mr. Williams was transported to the Sixth District for processing. During the afore-mentioned incident, Mr. Williams allegedly stated "I know what you are looking for, the black bag is in the closet. Just don't tear up my house please."

A United States District Court for the District of Columbia grand jury returned a two (2) count indictment, which charged Mr. Williams with unlawful possession with intent to distribute fifty (50) grams or more of cocaine base and unlawful possession with intent to distribute heroin.

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO SUPPRESS TANGIBLE EVIDENCE

On March 5, 2008, Officer Wooden submitted an Affidavit in Support of an Application for Search Warrant outlining the basis for the Application for Search Warrant. The affidavit requested permission to search 5020 Just Street, N.E., Washington, D.C. to obtain evidence of Mr. Williams' alleged trafficking of crack-cocaine and possession of a semi-automatic handgun. The government will seek to introduce physical evidence obtained in connection with this case as a result of the search warrant executed on March 5, 2008 at 5020 Just Street, N.E., Washington, D.C.

Mr. Williams challenges the validity of the search and seizure to acquire the evidence allegedly obtained in connection with this case as a violation of his rights as guaranteed by the Fourth, Fifth and Sixth Amendments to the United States Constitution. He moves to suppress all evidence seized, and all fruits thereof. *United States v. Martinez-Fuerte*, 428 U.S. 543, 556, 49 L.Ed 2d 660, 96 S.Ct. 3074 (1976); *Florida v.*

*Royer*, 460 U.S. 491, 498 (1983)(plurality opinion); *United States v. Gooding*, 695 F.2d 78 (4th Cir. 1982); *Jackson v. Deno*, 378 U.S. 368 (1964); *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed. 2d 497 (1980); *Almeida-Sanchez v. United States*, 413 U.S. 266, 269-270, 93 S.Ct. 2535, 2537 (1973); *Ybarra v. Illinois*, 444 U.S. 85, 62 L.Ed 2d 238, 100 S.Ct 338 (1979). Evidence discovered as a direct result or indirect fruit of the illegal seizure must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963).

An affidavit submitted to a magistrate must include "a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). In *Spinelli v. United States*, 393 U.S. 410, 416 (1969), a two-prong test was established in order to determine an affidavit's sufficient probable cause. First, an affiant is required to articulate the "basis of knowledge" for the informant's observation and second, to establish either the "veracity" or the "reliability" of the informant's statement. *Gates*, 462 U.S. at 229. In *Gates*, the Court revised the two-prong test to focus less on the two factors independently but rather as a "totality-of-the-circumstances," whereby a "deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Gates*, 462 U.S. at 233. By *Gates* standards, the affiant must compensate for the deficiency in the witnesses' credibility by providing stronger support for the basis on which the witnesses have allegedly observed the incident. In consideration of the "totality of circumstances," the affiant fails to provide sufficient information under either of the requirements.

When a magistrate is not provided with sufficient information regarding the "basis of knowledge" of a witness' information or the credibility of such witness, the conclusion

rendered by the facts of the Affidavit will be determined "not by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime.'" *Giordenello v. United States*, 357 U.S. 480, 487 (1958). Based on the Affidavit in the present case, the background provided to the magistrate was insufficient in establishing "substantial basis" for probable cause.

It is well settled that probable cause exists when there are trustworthy facts and circumstances which, as a whole, would lead a reasonable person to believe that there is a fair probability that the person or item to be searched will possess or contain fruits, instrumentalities, or evidence of crime. *Gates*, 462 U.S. at 238. Probable cause exists when, considering the totality of the circumstances, a reasonably prudent person applying "common sense conclusions about human behavior" would believe that a crime has been committed or is being committed. *Gates*, 462 U.S. at 230; *Carroll v. United States*, 267 U.S. 132, 161 (1925). The circumstances must be viewed from the perspective of a reasonable, cautious police officer in light of the officer's experience and training. *United States v. Davis*, 458 F. 2d 819, 821-22 (D.C. Cir. 1972). The probable cause to search the residence was based on information from a confidential informant that he/she allegedly observed Mr. Williams retrieve crack cocaine from 5020 Just Street, N.E., Washington, D.C., that Mr. Williams allegedly sold crack cocaine and that he/she had observed Mr. Williams possess a gun. While Officer Wooden's background may be exemplary, probable cause did not exist to search the above-referenced premises.

While the issuing Magistrate is certainly entitled to consider and credit this specialized knowledge...it does not alone provide probable cause to search. To issue a

warrant based solely on the agent's expert opinion would be to license virtually automatic searches of residences of persons arrested for narcotics offenses. This would effectively eviscerate the Fourth Amendment's requirement that there be probable cause to believe that contraband or evidence of a crime will be found in a particular place. *Gates, supra*, 462 U.S. at 238, 103 S.Ct at 2332 (citations omitted). *United States. v. Gomez*, 652 F.Supp. 461, 463 (E.D.N.Y. 1987).

The facts contained in the affidavit requesting a search of the premises do not provide probable cause and conclusions by an affiant(s) are not facts. *Illinois v. Gates*, 462 U.S. 213 (1983)("sufficient information must be presented to the Magistrate to allow that official to determine probable cause...his actions cannot be a mere ratification of the bare conclusions of others"). This Court has the duty to review the affidavit to determine if probable cause is contained within its four corners:

> [I]t remains for a reviewing court to decide whether the magistrate performed his neutral and detached function on the facts before him and did not merely serve as a rubber stamp for the conclusions drawn by the police.

*United States v. Travisano*, 724 F.2d 341, 345 (2nd Cir. 1983).

In this case, based on the Affidavit, the officer did not provide sufficient basis to determine probable cause and permit issuance of the search warrant.

The principal evil which the Framers of the Fourth Amendment aimed to deter was the general search, *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971); *Go-Bart Importing Co. v. United States*, 282 U.S. 344, 357 (1931). Under the so called "Writs of Assistance", or general warrants, agents of the Crown were free to enter a person's home, ransack it, then read all his papers in search of evidence of any crime. *See generally, Stanford v. Texas*, 379 U.S. 476, 481-85 (1965)(describing history and purpose of the

particularity requirement); *Boyd v. United States*, 116 U.S. 616, 625 (1886). The hallmarks of the general search were the right to rummage at will, and the total discretion to decide what to seize. *Stanford*, 379 U.S. at 481-85.

It was the historic effort to ban the detested general search that gave the Fourth Amendment its shape. The first clause generally provides "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures". The second clause requires "probable cause for the issuance of warrants...which must particularly describe the place to be searched and the persons and things to be seized".

Under this scheme, general rummaging is prohibited. The particularity requirement serves to place a sharp and unyielding limit on the discretion of the executing officer as to the items to be seized. *Coolidge v. New Hampshire, supra*; *Marron v. United States*, 275 U.S. 192, 196 (1927)("As to what is to be taken, nothing is left to the discretion of the officer executing the warrant").

At the time the officers executed the search warrant they knew that the warrant did not provide sufficient facts to establish probable cause. The purpose of the exclusionary rule is to deter unlawful police conduct, and therefore evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, that the search was unconstitutional under the Fourth Amendment, *U.S. v. Leon*, 468 U.S. 981, 919 (1984). In the instant case, particularity was impossible because the affiant had no idea the objects in question would be inside the residence. In this case, there were not any agent(s) or officer(s) who had observed a narcotics transaction, paraphernalia, or any weapons, or other items inside the residence prior to

obtaining the search warrant. This warrant is nothing more than a twentieth century Writ of Assistance. If the prohibition against the general warrant is to have any meaning, the evidence seized pursuant to the warrant, and all fruits thereof, must be suppressed. Thus, all evidence obtained as a direct or indirect result of the illegally obtained search warrant should be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).

In conclusion, because the Affidavit did not sufficiently articulate either the basis of knowledge or the reliability of the witnesses, in considering the totality of circumstances, the search warrant was erroneously issued. Accordingly, any evidence seized in connection with this case must be suppressed based on an invalid warrant.

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO SUPPRESS STATEMENTS, ADMISSIONS AND CONFESSIONS

Mr. Williams submits that any statement(s) obtained from him was obtained in violation of the dictates of the Supreme Court in *Miranda v. Arizona*, 384 U.S. 436 (1966). Any inculpatory statement(s) made to law enforcement officials in connection with this case were made subject to custodial interrogation and prior to Mr. Williams being read his *Miranda* rights. In *Miranda*, the Supreme Court held that prior to interrogation of a defendant who was in custody "or otherwise deprived of his freedom of action in any significant way" id. at 444, the police must warn him (1) that he had a right to remain silent; (2) that any statement that he makes may be used as evidence against him; (3) that he is entitled "to consult with a lawyer and to have a lawyer with him during interrogation," id. at 474; (4) that an attorney will be appointed to represent him if he cannot afford to retain one; and (5) that he may exercise any of these rights at any point during the interrogation. Each of these warnings must be expressly stated. There is

nothing in the record, which indicates the circumstances under which Mr. Williams provided the statement(s) to law enforcement.

Mr. Williams is entitled to a pre-trial hearing to determine the admissibility of any confessions he allegedly provided to the law enforcement officials. *Jackson v. Denno*, 378 U.S. 368 (1964). The government has the burden of proving by a preponderance of the evidence that the defendant's confession was voluntary. *Leggo v. Twomey*, 404 U.S. 477 (1972). The test for voluntariness is whether the confession is "the product of an essentially free and unconstrained choice by its maker." *Columbe v. Connecticut*, 367 U.S. 568, 602 (1961) (plurality opinion), approved in *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973).

The question of the voluntariness of a confession is separate and distinct from the issue of compliance or non-compliance with the requirements of *Miranda v. Arizona*, supra. Thus, voluntariness may still be at issue even though the Miranda requirements have been met.

Finally, when a confession is challenged on voluntariness grounds, the Court must conduct an evidentiary hearing and make a clear factual finding. In determining voluntariness, a Court may not consider the probable trustworthiness of the confession. *Jackson v. Denno, supra*, at 376-77, 383-86. Indeed, it is reversible error for the Court to do so. *Rogers v. Richmond*, 364 U.S. 534, 540-41 (1961). Voluntariness of a confession turns solely on circumstances surrounding the confession. Involuntariness of the confession may be shown not only to be physical coercion, but by a variety of more or less subtle types of psychological coercion. *Brown v. Mississippi*, 297 U.S. 278 (1936).

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No.: 1:08-cr-00090-RJL |
| : | Judge Leon |
| TERRY WILLIAMS, : | Status Hearing: May 16, 2008 |
| : | |
| : | |
| Defendant. : | |

## ORDER

THIS CAUSE having come before the Court on the Motion to Suppress Tangible Evidence, Statements, Admissions and Confessions, and those Motions having been considered by the Court, and for good cause shown, it is this _____ day of _____, 2008,

ORDERED, that the Defendant's Motion to Suppress Tangible Evidence is hereby GRANTED,

AND IT FURTHER ORDERED, that the Defendant's Motion to Suppress Statements, Admissions and Confessions is hereby GRANTED.

_____
JUDGE

cc:  Billy L. Ponds
The Ponds Law Firm
3218 O Street, N.W.
Suite Two
Washington, D.C. 20007

Charles Neil Floyd
Assistant United States Attorney
Office of the United States Attorney
555 4th Street, NW
Washington, D.C. 20530