UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No.: 1:08-cr-00090-RJL |
| : | Judge Richard Leon |
| TERRY WILLIAMS, : | Status Hearing: May 16, 2008 |
| : | |
| Defendant. : | |

**DEFENDANT'S MOTION TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT USED DURING THE INVESTIGATION AND TO SUPPRESS IDENTIFICATION EVIDENCE**

TERRY WILLIAMS, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits this Motion to Reveal the Identity of the Confidential Informant Used During the Investigation and to Suppress Identification Evidence. As grounds for this request, the defendant states as follows:

During the week of February 24, 2008, a confidential informant allegedly informed law enforcement that he/she observed a large quantity of crack-cocaine inside of 5020 Just Street N.E., Washington, D.C. Additionally, the confidential informant allegedly provided law enforcement officials with the following information; that an individual by the name of Terry sells crack cocaine; that he/she has allegedly personally observed Terry retrieve crack cocaine from 5020 Just Street, N.E., Washington, D.C.; that Terry sells crack cocaine; that Terry makes a significant amount of money selling crack cocaine and that he/she has observed Terry with a dark semi-automatic hand gun. Law enforcement officials presented the confidential informant with a photograph of Terry D. Williams, whom this individual identified as Terry.

Based on the information the confidential informant provided to law enforcement, On March 5, 2008, Officer Devinci C. Wooden, of the Gun Recovery Unit-NSID, applied

for and obtained a Superior Court of the District of Columbia search warrant for the premises located at 5020 Just Street, N.E., Washington, D.C. On March 5, 2008, members of the Gun Recovery Unit-NSID reported to 5020 Just Street, NE, Washington, D.C., to execute the search warrant. As law enforcement approached the above-noted residence, they allegedly observed and then stopped Terry Williams, who was standing in front of the above-noted residence. Law enforcement knocked on the door, announced their presence and then opened the front door with force. The officers brought Mr. Williams into the residence, secured him on the couch and proceeded to search the residence.

As a result of this search, law enforcement allegedly recovered one black Nautica bag, which contained the following items; a bottle of Quinine, three (3) AWS digital scales, clear ziplock bags, plastic sandwich bag, yellow ziplock bags inside of plastic bags, Seven Eleven sandwich bag which contained rubber gloves, Versace cologne, black jeans that contained twelve (12) clear ziplocks of a white rock-like substance totaling fifty three (53) grams, four ziplock bags of a dark brown substance totaling approximately four (4) grams and one (1) knotted piece of plastic that contained a dark brown substance totaling approximately eleven (11) grams. Law enforcement recovered ten thousand fifty ($10,050.00) dollars from the kitchen area, assorted mail with Mr. Williams name on it from the room identified as bedroom one (1) and photographs of Mr. Williams and two (2) cellular telephones from the living room area.

Mr. Williams was placed under arrest and pursuant to a search incident to the arrest; law enforcement recovered six hundred and seventy ($670.00) dollars from Mr. Williams right front pants pocket. Mr. Williams was transported to the Sixth District for

processing. During the afore-mentioned incident, Mr. Williams allegedly stated "I know what you are looking for, the black bag is in the closet. Just don't tear up my house please."

A United States District Court for the District of Columbia grand jury returned a two (2) count indictment, which charged Mr. Williams with unlawful possession with intent to distribute fifty (50) grams or more of cocaine base and unlawful possession with intent to distribute heroin.

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT USED DURING THE INVESTIGATION

It is patently clear, based on the afore-mentioned information, a review of the discovery provided by the government, as well as the nature of the charges, that during this investigation, a confidential informant assisted the government in providing information about Terry Williams, which led to the execution of a search warrant at 5020 Just Street, N.E., Washington, D.C. and the recovery of narcotics. Furthermore, this confidential informant is predominantly responsible for the events that led to Mr. Williams arrest and being charged with the offenses named in the indictment.

Revealing the identity of the confidential informant will provide information favorable to the defendant, which is essential to the preparation of the defendant's defense. The defendant requests that the government be ordered to disclose the identity of any and all informant(s) utilized.

The starting point for any discussion in this area, which is referred to as the informer's privilege, is set forth by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53 (1957). The *Roviaro* Court noted that this privilege was "the government's

privilege to withhold from disclosure the identity of persons who furnish information for violations of law to officers charged with enforcement of that law." 353 U.S. at 59. The underlying basis for the privilege:

> (I)s the furtherance and protection of the public law in effective law enforcement. The privilege recognizes the obligations of citizens to communicate their full knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

353 U.S. at Id.

This privilege, however, is not an absolute one:

> "where the disclosure of the informer's identity or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause the privilege must give way.

353 U.S. at 60, 61.

There is no precise and exact rule as to when an exception to the privilege exists. The court, has however, established a formula where in the public interest is balanced against the individual's "right to prepare his defense". 353 U.S. at 62. This formula must be applied on a case-by-case basis. i.e. *McRay v. Illinois*, 386 U.S. 300, 311-14 (1967). In *Roviaro*, the Court suggested that the approach to be undertaken should focus on "possible defenses (and) the possible significance of the informer's testimony". 353 U.S. at 62. The evidence supplied by the informers in the present case could well be a vital part of the government's overall prosecution of Mr. Williams. The circumstances of this case, and the facts surrounding Mr. Williams alleged participation and knowledge are highly relevant and of vital importance to the defense. The desirability of calling any informant as a witness for the defense, or at least interviewing him/her in preparation for

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:08-cr-00090-RJL |
| | : | Judge Leon |
| TERRY WILLIAMS, | : | Status Hearing: May 16, 2008 |
| | : | |
| | : | |
| Defendant. | : | |

=================================

### ORDER

THIS CAUSE having come before the Court on the Motion to Reveal the Identity of a Confidential Informant Used During the Investigation and to Suppress Identification Evidence, and those Motions having been considered by the Court, and for good cause shown, it is this _____ day of _____, 2008,

ORDERED, that the Defendant's Motion to Reveal the Identity of a Confidential Informant Used During the Investigation is hereby GRANTED,

AND IT IS FURTHER ORDERED, that the government is hereby directed to reveal to the defense the identity of the confidential informant used during the investigation in this case,

AND IT IS FURTHER ORDERED, that the Motion to Suppress Identification Evidence is hereby GRANTED.

_____
JUDGE

cc:   Billy L. Ponds
      The Ponds Law Firm
      3218 O Street, N.W.
      Suite Two
      Washington, D.C. 20007

Charles Neil Floyd
Assistant United States Attorney
Office of the United States Attorney
555 4th Street, NW
Washington, D.C. 20530