UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:08-cr-00090-RJL |
| | : | Judge Richard Leon |
| **TERRY WILLIAMS,** | : | Motions Hearing:   July 11, 2008 |
| | : | |
| Defendant. | : | |
| _____ | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT USED DURING THE INVESTIGATION AND TO SUPPRESS IDENTIFICATION EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion to Reveal the Identity of the Confidential Informant Used During the Investigation and to Suppress Identification Evidence.  In support of its opposition, the Government relies on the following points and authorities and such points and authorities as may be cited at a hearing on the motion.

### FACTUAL BACKGROUND

On March 5, 2008, officers of the Metropolitan Police Department executed a search warrant at 5020 Just Street, N.E., in Washington, D.C., the home of defendant Terry Williams. The warrant was based on information from a confidential informant who had observed the defendant selling crack cocaine.  The informant had also seen a large amount of crack cocaine in the Just Street address and on several occasions had witnessed the defendant retrieve substantial amounts of crack cocaine from within the Just Street residence.  The informant stated that the dealer, who lived in the Just Street address, was  named "Terry" and was a black male

approximately 5'10" in height, weighing approximately 180 pounds, with a medium complexion. After further investigation, "Terry" was revealed to be Terry Person Williams, the defendant in this case. The informant confirmed that a photograph of Terry Williams was indeed a photograph of the man he knew and had described as "Terry."

When the officers arrived to execute the search warrant at the Just Street address, they saw the defendant standing outside of his residence. The defendant was detained and the officers knocked and announced their presence at the front door of the row house. When they heard no response, the officers forced entry. While the officers prepared to search the house, the defendant told them, "I know what you are looking for. The black bag is in the closet. Just don't tear up my house, please."

The officers found a "Nautica" carry on/duffle bag on the floor of the living room closet. The bag was opened and from inside it the following items were recovered: 12 clear ziplock bags that contained 53 grams of crack; 4 ziplock bags and one plastic wrap that contained 15 grams of heroin; two plastic wraps that contained 58 grams of crack; a clear zip bag with an apple logo that contained numerous empty clear ziplock bags; a straw and a razor blade with white residue and two scales; a bottle of Quinine; a box of sandwich bags; a plastic bag with hundreds of empty ziplocks; and a plastic bag with rubber gloves and a scale. A further search of the defendant's house resulted in the recovery of $10,050 in the bottom of the stove, as well as mail in the defendant's name from the bedroom and photographs of the defendant from the living room. After the defendant was placed under arrest, $670 was recovered from his front pants pockets. On the basis of the evidence recovered in the search of his Just Street residence, the

defendant was indicted on two charges: unlawful possession with intent to distribute 50 grams or more of cocaine base and unlawful possession with intent to distribute heroin.

Defendant Williams now moves to reveal the identity of the confidential informant and to suppress the identification evidence.

## ARGUMENT

**I.     DEFENDANT IS NOT ENTITLED TO DISCLOSURE OF THE IDENTITY OF THE CONFIDENTIAL INFORMANT**

The Supreme Court has held that there is no Sixth Amendment violation of a defendant's rights of confrontation and cross-examination from the recognition of an informant's privilege. McCray v. Illinois, 386 U.S. 300, 313 (1967). Rather, the government enjoys a qualified though "time-honored privilege to withhold the identity of its informants from criminal defendants." United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989).

The defendant may obtain such identifying information only by demonstrating that trial testimony from the confidential informant may prove helpful and relevant to him, and that a balancing of the public interest in law enforcement and protecting the informant's identity with the defendant's right to prepare a defense would result in an unfair trial without disclosure. Roviaro v. United States, 353 U.S. 53, 62 (1957); United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994). The disclosure of an informant's identity is required only if the court determines that "the potential helpfulness of informant's testimony to the defendant warrants a conclusion that the defendant cannot be tried fairly absent disclosure." Brodie, 871 F.2d at 128.

The District of Columbia Circuit Court of Appeals has "long adhered to the rule 'that Roviaro does not require disclosure of an informant who was not an actual participant in or a

3

witness to the offense charged.'" Warren, 42 F.3d at 654 (quoting United States v. Skeens, 449 F.2d 1066, 1071 (D.C. Cir. 1971)). In such a case, the defendant faces a heavy burden to establish that disclosure of the informant's identity is necessary and relevant to the defense. Warren, 42 F.3d at 654; Skeens, 449 F.2d at 1070. Furthermore, merely conclusory or speculative pleadings will not suffice. Skeens, 449 F.2d. at 1071.

Defendant Williams has not at all demonstrated his need for the informant's identity. As in Warren, where the court held that the disclosure of the identity of the confidential informant was not required, the charges in this case arise out of a search warrant executed on the defendant's home; thus, as in Warren, the informant was not a participant in, nor a witness to, the facts and events that led to the charges against the defendant. The statements and observations made by the informant are irrelevant to the charges the defendant faces and are thus not helpful to his defense. The very first event in the chronology on which the government will present evidence is the signing of the search warrant by a judicial officer; thus all prior events, including the information provided by the confidential informant, are irrelevant.

**II.    NO EVIDENTIARY HEARING OR SUPPRESSION OF IDENTIFICATION EVIDENCE IS WARRANTED**

The defendant also seeks to suppress evidence of the confidential informant's identification of the defendant's photograph. As this is not part of the prosecution's case and will not be presented at trial, no such suppression is warranted. Moreover, given that the informant's identification of the defendant will not be presented as evidence, nor will the informant be called upon to identify the defendant at trial, an evidentiary hearing would also be unnecessary and irrelevant.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, Defendant Williams's Motion to Reveal the Identity of the Confidential Informant and to Suppress Identification Evidence should be denied.

                                       Respectfully submitted,

                                       JEFFREY A. TAYLOR
                                       United States Attorney
                                       Bar No. 498610

By: _____/s/_____
            CHARLES NEIL FLOYD
            Assistant United States Attorney
            Bar No. 97-219
            555 Fourth Street, N.W., Room 4243
            Washington, D.C. 20530
            (202)305-2195